IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY TURNER                                                                                        PLAINTIFF

      v.                    Civil No. 6:10-cv-06064

DAVID TURNER, Sheriff,
Clark County; RICK LOY,
Administrator, Clark County
Detention Center; and
DEPUTY RAY WINGFIELD                                                                       DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Corey Turner (hereinafter Turner), filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before me pursuant to the consent of the parties (ECF No. 11).

Turner is currently incarcerated at the Ouachita River Unit of the Arkansas Department of Correction (ADC). The events that are the subject of this lawsuit occurred while he was being held at the Clark County Detention Center (CCDC) in August of 2010. Turner maintains his rights were violated because the CCDC is not handicap accessible or equipped.

On March 4, 2011, Defendants filed a motion for summary judgment (ECF No. 22). Plaintiff filed a response (ECF No. 43) to the summary judgment motion on March 30, 2011. On March 24, 2011, Turner filed a motion for summary judgment/response to Defendants' motion (ECF No. 31). On March 28, 2011, Defendants filed a response (ECF No. 37) to Plaintiff's summary judgment motion.

### 1.  Background

Turner has been disabled since being involved in a motor vehicle accident in April1998.

(Doc. 32 at pg. 19). Rick Loy is the jail administrator of the CCDC. *Defendants' Exhibit* (hereinafter *Defts' Ex.*) D at ¶ 3. To his knowledge, Clark County "does not have a written policy as to how to deal with inmates with disabilities." *Id.* at ¶ 4. However, Loy states the unwritten policy or practice is to keep a wheelchair at the jail for any inmate who may need it and to put a chair in the shower for any inmate who may need it. *Id.*

According to Loy, inmates with disabilities are not typically housed at the CCDC but are instead placed on ankle monitors. *Defts' Ex*. D at ¶ 5. Turner had been on an ankle monitor several times but violated the conditions of his release and was ordered incarcerated at the CCDC. *Id.* ¶¶ 5-6.

The CCDC has a regular inmate shower and a shower in the booking area of the jail. *Defts' Ex*. D at ¶ 7. Loy maintains that the use of the shower in booking was offered to Turner because he could be assisted by jail staff when showering. *Id.* However, Loy indicates Turner declined "insisting on showering in the regular inmate shower area." *Id.* at ¶ 8. In opposition, Turner argues he was never offered the opportunity to shower in the booking area. (Doc. 32 at pg. 4). Moreover, he notes that the shower in the booking area was not handicap accessible either. *Id.*

Loy indicates several accommodations were made for Turner when he was at the CCDC. *Defts' Ex*. D at ¶ 9. Specifically, Loy asserts a new wheelchair was purchased and a chair was placed in the shower so he could sit down while showering. *Id.* According to Turner, the chair was not one made for use in the shower by handicapped individuals. (Doc. 32 at pgs. 4 & 19 ¶ 6).

Other inmates assisted at the shower when Turner needed help. *Defts' Ex*. D at ¶ 9. However, Turner maintains the assistance was limited to placing the chair in the shower for him. (Doc. 32 at pgs. 4-5. Turner was also assigned a bottom bunk. *Defts' Ex*. D at ¶ 9..

Loy recalled that Turner fell a couple of times while transferring from his wheelchair to his bunk. *Defts' Ex.* D at ¶ 10. However, according to Loy, Turner admitted the falls occurred because he failed to lock the brakes on the wheelchair before trying to get out. *Id.* The only fall in the shower Loy is aware of occurred on August 12, 2010. *Id.* at ¶ 11.

With respect to the grievances attached to the complaint complaining of the lack of handrails in the shower and of falling in the shower, Loy does not believe these were ever submitted to Defendants. *Defts' Ex.* D at ¶ 12. Loy indicates written responses are typically given to all grievances. *Id.* On the rare occasion a written response is not given, Loy states the grievance would not be returned to the inmate. *Id.*

On August 12, 2010, at approximately 2:30 p.m., detainees in Block C began yelling for a jailer saying that Turner had fallen in the shower. *Defts' Ex.* A. Jailer Craig Carlson responded to the shower area and observed Turner laying on the shower floor. *Id.* Turner indicated that he had hurt his side and head when he fell. *Id.*

Because the shower light was burnt out, Carlson could not see Turner's injuries. *Defts' Ex.* A. Carlton asked if Turner could stand up, Turner replied that he could not. *Id.* Assistance was summoned and Turner was helped into his wheelchair. *Id.* Once Turner was in the wheelchair, Carlton could see Turner's right hip was bleeding and he had a lump on the right side of his face. *Id.* Turner dressed, with assistance, and indicated he was in a lot of pain. *Id.* Turner was taken to the hospital for treatment. *Id.*

At the hospital, Turner was treated and x-rays were done. *Defts' Ex.* C at pg. 4. He was diagnosed with a soft tissue injury to the right hip. *Id.* He was discharged back to the jail with directions to take the pain medication he was already prescribed and to use an ice-pack. *Defts' Ex.*

B.

On August 16th, Turner was seen by medical personal and diagnosed with a cervical strain. *Defts. Ex.* C at pg. 3.  He was prescribed 600 mg. of ibuprofen every six hours.  *Id.*  Turner was seen again on August 17th.  *Defts' Ex.* C at pg. 1   It was noted the hardware in his right hip had been adjusting and migrating toward the flank causing the superficial skin to breakdown.  *Id.*

In his summary judgment motion/response to Defendants' summary judgment motion, Turner states that he suffered falls on August 12th and August 18th.  (Doc. 32 at pg. 2).  According to Turner, the August 18th fall occurred in his cell due to "the defective wheelchair."  *Id.*  In particular, Turner states the wheelchair only had one brake.  *Id.* at pg. 3-4 & pg. 19 at ¶ 7.  As a result of the fall, Turner asserts the wound on his right hip re-opened.  *Id.* at pg. 3.  He was treated at the Baptist Medical Center where he received four stitches because a screw in his right hip was exposed.  *Id.* at pg. 3; *Plaintiff's Ex.* E.

**2.  Applicable Standard**

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical

doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a . . . verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### 3.  Arguments of the Parties

Defendants maintain they are entitled to summary judgment on any official capacity claims because Plaintiff has not demonstrated that any policy of Clark County is responsible for the alleged inadequate conditions.  Second, Defendants maintain they are entitled to summary judgment because Turner has not made any specific factual allegations against the Defendants.  Third, Defendants maintain they are entitled to summary judgment because they were not deliberately indifferent to the conditions at the CCDC.  They maintain the lack of shower rails is not alone sufficient to make out a claim that they were deliberately indifferent to Turner's health and safety.  Finally, Defendants maintain they are entitled to qualified immunity.  They assert they did not violate Turner's clearly established statutory or constitutional rights.

Turner maintains Defendants' summary judgment motion must be denied because the Defendants are responsible for providing adequate handicapped equipment.  He also argues the Defendants were deliberately indifferent to his serious medical needs.  He asserts Claude Jermone Williams, Robert Jones, and Demarius Christopher, are all witnesses who will support his claim that both the shower and the wheelchair were unsafe.

### 4.  Discussion

It is undisputed that under § 1983, and other statutory provisions, detention facilities may be

required to accommodate detainees with disabilities or mobility impairments. *See e.g., Kutrip v. City of St. Louis*, 329 Fed. Appx. 683, *1 (8th Cir. 2009)(§ 1983, ADA & RA claims brought by detainee). The failure to do so may result in liability for a constitutional or statutory violation. *See e.g., Pennsylvania Department of Corrections v. Yeskey*, 524 US. 206 (1998)(Applying Title II of the ADA to prisons); *Tuft v. Texas*, 2011 WL 72198 (5th Cir. Jan. 7, 2011)(overcrowding of prison showers did not violate the ADA absent proof that the inmate was discriminated against in his use of the showers by reason of his disability or overcrowding had greater effect in impairing his access to showers than it did non-disabled prisoners); *Scott v. Carpenter*, 24 Fed. Appx. 645 (8th Cir. 2001)(handicapped pretrial detainee brought claim alleging deliberate indifference to serious medical needs and conditions of confinement based on inability to shower because of lack of handicapped accessible showering facilities and leg infection he suffered). In this case, Turner has not asserted claims under the Americans with Disabilities Act or the Rehabilitation Act. Rather, he maintains in a § 1983 claim that his constitutional rights were violated by Defendants.

The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's unconstitutional conditions of confinement and denial of adequate medical care claims under the deliberate indifference standard of the Eighth Amendment. *See Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006). A violation of the Eighth Amendment occurs when: (1) the deprivation alleged is objectively serious; and (2) the official knew of and then disregarded an excessive risk to the plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Turner clarifies that his claims are against the Defendants in their official capacities. (Doc.

32 at pgs. 1, 5-7).[1] Turner maintains the fact that Defendants had no policy, when one was clearly needed, with regard to the provision of a safe environment for disabled inmates is sufficient to establish their liability. He notes Defendants were aware of his disability as he had been housed in the CCDC on previous occasions and had fallen and been injured during a prior incarceration. Turner maintains their failure to act in view of this constitutes deliberate indifferent to his health and safety.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). "When a plaintiff is seeking to impose section 1983 liability on a local government body, the plaintiff must show that there is an official policy or widespread custom or practice of unconstitutional conduct that caused the deprivation of a constitutional right." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010)(*citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978)). "A policy can be inferred from a single decision taken by the highest officials responsible for setting policy in that area of the government's business." *Dahl v. Rice County, Minn.*, 621 F.3d 740, 743 (8th Cir. 2010).

In this case, Turner is essentially arguing that the failure to adopt a policy regarding the detention of disabled individuals resulted in him being housed in unconstitutional and inaccessible conditions. Turner maintains the Defendants are the individuals who set policy for the CCDC.

With respect to the existence of a policy, Defendants maintain there was no need for a written policy as the facility because it was very rare for disabled inmates to be housed there. Moreover,

---

[1] Qualified immunity is not a defense available to a Defendant sued in his official capacity. *VanHorn v. Oelschlager*, 502 F.3d 775, 778 (8th Cir. 2007)(qualified immunity "only extends to claims against government employees sued in their individual capacities.").

they maintain there was an "unwritten" policy of providing a wheelchair to inmates who need it and a chair in the shower for inmates unable to stand while showering.

In this case, it is undisputed that Defendants were aware of Turner's disability and need for accommodations with respect to the shower and getting into or on his bunk. No argument is made that a disabled-accessible shower existed at the facility. While Defendants' maintain accommodations were made, there is nothing in the record suggesting the accommodations were sufficient to provide handicap accessibility. *See e.g., Frost v. Agnos*, 152 F.3d 1124, 1129-1130 (9th Cir. 1998)(reversing summary judgment where prison officials were aware that a disabled pretrial detainee who used crutches had fallen and injured himself on a slippery shower floor, but where the officials declined to take reasonable measures to help him shower safely); *LaFaut v. Smith*, 834 F.2d 389, 392-94 (4th Cir. 1987)(finding that failure of prison officials to enure that mobility-impaired inmates had accessible toilet facilities resulted in the violation of a prisoner's constitutional rights); *Casey v. Lewis*, 834 F. Supp. 1569, 1582 (D. Ariz. 1993)(holding that failure to accommodate disability by providing adequate shower facilities violated constitutional rights).

### 5. Conclusion

For the reasons stated, I conclude there are genuine issues of fact that preclude summary judgment in favor of either the Plaintiff or the Defendants. The motions for summary judgment (Doc. 22 & Doc. 31) are denied.

DATED this 5th day of April 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE